.ESTATE OF ANN CALLAGHAN, DECEASED.

[No. 16,170; decided August, 1897.]

**Probate Court—Jurisdiction to Try Title.**—The superior court, sitting in probate, has no jurisdiction to determine questions of title to real estate.

**Will—Omission of Child, What is.**—The words, "when any testator omits to provide in his will for any of his children," as used in section 1307 of the Civil Code, mean: "When a testator says nothing of a provision," or "does not insert a provision," or "fails or neglects to speak of a provision for any of his children."

**Will—Omission of Child, What is not.**—A testatrix does not omit to provide for her child, so that it will inherit under section 1307 of the Civil Code, when she devises to it land to which her title is imperfect, or to which she has no title at all.

**Will—Omission of Child—Extrinsic Evidence.**—Courts will not look to matters dehors a will to ascertain that the omission to provide for a child is unintentional.

Estate of Callaghan was before the supreme court in 119 Cal. 571, 51 Pac. 860, 39 L. R. A. 689.

ESTATE OF MARY CLANCY, DECEASED.

[No. 17,292; decided August 31, 1898.]

**Separate Property of Wife—Admissions of Husband.**—Where it appears that the purchase price of real estate was paid from the separate property of a married woman, and the deed was taken in her name, and the husband, upon her death, avers in his petition for letters of administration that such property was the separate property of the decedent, and swears to the same effect on the hearing of the petition, and also in the inventory and appraisement, his admissions are, when unexplained, conclusive of the character of the property.

**Separate Property of Wife—Expenditures by Husband.**—A husband cannot recover payments voluntarily made by him for repairs, improvements, and the like on the separate property of his wife, nor can he, by making advances for the benefit of such property, acquire any interest therein.